JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES— GENERAL

| Case No. | 8:26-cv-01384-JWH-ADS | Date | June 26, 2026 |
|---|---|---|---|
| Title | *Larry Sermeno v. Architectural Surfaces Group, LLC, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  
None Present

Attorney(s) Present for Defendant(s):  
None Present

**Proceedings:   ORDER REMANDING ACTION TO STATE COURT AND ORDER TO SHOW CAUSE RE SANCTIONS**

The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. In sum, the Court *sua sponte* **REMANDS** this action to Orange County Superior Court for lack of subject matter jurisdiction, for the reasons set forth below. The Court also issues this **ORDER TO SHOW CAUSE** why Jesse Bogan, the Executive Vice President of Operations for Defendant Architectural Surfaces Group, LLC ("ASG"), should not be sanctioned for making a false representation of fact to the Court regarding the citizenship of ASG.

## I.  BACKGROUND

In March 2026, Plaintiff Larry Sermeno commenced this action in Orange County Superior Court against Defendants ASG and Sun Capital Partners, Inc.[1]

---

[1]    *See generally* Compl. (the "Complaint") [ECF No. 1-2].

**CIVIL MINUTES— GENERAL**

Initials of Deputy Clerk cla

Defendants removed the action to this Court in May 2026.[2]  Defendants asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441(b), on the basis of diversity of citizenship between the parties.[3]

In their Notice of Removal, Defendants represented that the sole member of ASG—which is a limited liability company—is AG HoldCo (SPV) LLC ("HoldCo").[4]  HoldCo's single member, in turn, is Artisan SG LLC ("Artisan").[5] Defendants stated that "[n]one of Artisan SG LLC's members are citizens of California."[6]  However, the Court could not determine the citizenship of Artisan— nor, consequently, of HoldCo and ASG—until Defendants provided a complete list of all of Artisan's members and of their respective states of citizenship.

On June 8, 2026, the Court ordered Defendants to provide the names and states of citizenship of each member of Artisan and to file their respective Disclosure Statements as required by Rule 7.1(a)(2) of the Federal Rules of Civil Procedure.[7]  In response, Defendants provided the citizenship information of Artisan, which has 16 corporate members and 10 limited liability company members.[8]  Of Artisan's 26 total members, one member—Construction Resources, Inc.—is a California citizen.[9]

## II.  LEGAL STANDARD

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280 (1918)).

---

[2]  *See* Notice of Removal [ECF No. 1].

[3]  *Id.* at ¶ 7.

[4]  *Id.*

[5]  *Id.*

[6]  *Id.*

[7]  Order to Show Cause re Subject Matter Jurisdiction (the "Order") [ECF No. 13] 3.

[8]  Defs.' Response to the Order (the "Response") [ECF No. 18] 2:16–3:17.

[9]  *Id.* at 2:18.

**CIVIL MINUTES— GENERAL**      Initials of Deputy Clerk cla

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There "are two bases for subject matter jurisdiction in federal court:  federal question jurisdiction and diversity jurisdiction."  *Coleman v. Baumgartner*, 2023 WL 6149892, at *1 (N.D. Cal. Sept. 20, 2023).

"The party asserting federal subject matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "The Ninth Circuit 'strictly construe[s] the removal statute against removal jurisdiction,' and '[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'"  *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1060 (C.D. Cal. 2014) (citation omitted).

## III.  ANALYSIS

### A.    Subject Matter Jurisdiction

From the Court's review of Defendants' Response, it is apparent that the Court lacks subject matter jurisdiction over the instant case because there is not complete diversity between the parties.

A defendant may remove a civil action from state court to federal court when complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).  "For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens, and a limited liability corporation is a citizen of all of the states of which its owners/members are citizens."  *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

Sermeno is a citizen of California.[10]  ASG is a limited liability company whose sole member is HoldCo, whose sole member is Artisan, which has 26 members, one of whom—Construction Resources—is a citizen of California. Accordingly, ASG is a citizen of California, *see Lindley Contours*, 414 F. App'x at 64, which destroys diversity, *see Digimarc*, 549 F.3d at 1234.  Therefore, the Court does not have subject matter jurisdiction over the instant action.  *See* 28 U.S.C. § 1332.  This case is **REMANDED** to state court.

## B.     Sanctions

Rule 11 permits the Court to impose sanctions for a violation of its tenets, either upon the attorney or the party responsible for the violation.  *See* Fed. R. Civ. P. 11(c)(1).  A court evaluating the propriety of a Rule 11 sanction should consider whether the party's submission was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith."  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362–65 (9th Cir. 1990) (*en banc*).

"[T]he district court had jurisdiction to impose Rule 11 sanctions in the amount of attorney's fees even after remanding the case to state court."  *Desert Schs. Fed. Credit Union v. Johnson*, 473 F. App'x 804, at *1 (9th Cir. 2012).  The court may impose sanctions for misrepresentations regarding a party's citizenship. *See Columbia River Advisors, LLC v. MKT & Assocs., LLC*, 2024 WL 4024102, at *5 (W.D. Wash. Sept. 3, 2024) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)); *see also Tribesman v. California Corr. Peace Officers Assoc.*, 2009 WL 2596622, at *3 (C.D. Cal. Aug. 21, 2009).

Here, in connection with Defendants' removal of this case, Mr. Bogan provided a declaration signed under penalty of perjury stating that "[n]one of [Artisan's] members are citizens of California."[11]  However, as previously discussed, one of Artisan's members is indeed a citizen of California.  Accordingly, the Court is considering imposing sanctions on Mr. Bogan for submitting a false declaration regarding the citizenship of ASG without factual foundation, in violation of Rule 11.  *See Zaldivar*, 780 F.2d at 831.  Even after remanding this

---

[10]     Complaint ¶ 8.

[11]     Decl. of Jesse Bogan (the "Bogan Declaration") [ECF No. 1-8] ¶ 5.

**CIVIL MINUTES— GENERAL**     Initials of Deputy Clerk cla

action to state court , the court retains limited jurisdiction for the purpose of imposing Rule 11 sanctions.  *See Credit Union*, 473 F. App'x at *1.

## IV.  DISPOSITION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.  This action is **REMANDED** to Orange County Superior Court.

2.  Defendants' pending Motion to Dismiss [ECF No. 20] is **DENIED as moot without prejudice**.

3.  The hearing set on Defendants' Motion to Dismiss [ECF No. 20] is **VACATED**.

4.  Pursuant to Rule 11(c)(3), Jesse Bogan, the Executive Vice President of Operations for Defendant ASG, is **ORDERED TO SHOW CAUSE** in writing, no later than July 10, 2026, why he should not be sanctioned under the Federal Rules of Civil Procedure and this Court's Local Rules for making a frivolous or untruthful statement to the Court.  *See* Fed. R. Civ. P. 11(b); L.R. 11-9.  In his written response, Mr. Bogan is also **DIRECTED** to explain in detail what efforts, if any, he undertook to determine the citizenship of ASG before he executed his Declaration.  Mr. Bogan's failure to make a timely or adequate showing will result, without further notice, in the imposition of monetary sanctions against him in an amount to be determined in the Court's discretion.

5.  A hearing on this OSC is **SET** for July 24, 2026, at 11:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.  Mr. Bogan and all counsel of record for Defendants are **DIRECTED** to appear in person at that date and time.

**IT IS SO ORDERED.**

CIVIL MINUTES—
GENERAL    Initials of Deputy Clerk cla